UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| ANDRES WILLIAM HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV423-086 |
| | ) | |
| CHATHAM COUNTY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court previously granted *pro se* plaintiff Andres William Howard's request to proceed *in forma pauperis* and directed him to return several forms. *See generally* doc. 4. His obligation to return those forms remains outstanding. He now requests court-appointed counsel to assist him in this case. *See* doc. 5. He also seeks "a court order" to provide him with access to the law library and "copies." *See* doc. 6. Finally, he has submitted a document titled "[r]equest motion to all evidence." Doc. 9. For the reasons explained below, Howard's motions are **DENIED**. Docs. 5, 6 & 9.

Howard has no constitutional right to counsel in this civil case. *Wright v. Langford*, 562 F. App'x 769, 777 (11th Cir. 2014) (citing *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may,

1

pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." *Id.* (citing *Bass*, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987), and *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). "[T]his Court has repeatedly found that prisoners do not receive special consideration [for appointed counsel] notwithstanding the challenges of litigation in a case while incarcerated." *Holzclaw v. Milton*, 2019 WL 1474398, at * 1 (S.D. Ga. Apr. 3, 2019) (internal quotation marks and citation omitted); *see also Bell v. Lamb*, 2021 WL 1954739, at * 3 (S.D. Ga. Mar. 30, 2021). General lack of education, including legal education, is also not a sufficient basis to require appointment of counsel. *See, e.g., Brown v. Wilcher*, 2021 WL 411508, at *1 (S.D. Ga. Feb. 5, 2021).

The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs

help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." *McDaniels v. Lee*, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)). Howard has presented "the essential merits of his position" to the Court. There is, therefore, no indication of any "exceptional circumstance" that warrants appointment of counsel. *Fowler*, 899 F.2d at 1096. Howard's Motion to Appoint Counsel is, therefore, **DENIED**. Doc. 5.

As Howard is proceeding *pro se*, he has a right to meaningful access to the courts, including some right to legal research material. *See Bounds v. Smith*, 430 U.S. 817, 828 (1977), *abrogated by Lewis v. Casey*, 518 U.S. 343 (1996) (disclaiming language in *Bounds* suggesting "that the State must enable the prisoner . . . to *litigate effectively* once in court."); *Bowens v. Sikes*, 2017 WL 486266 at *4 (S.D. Ga. Jan. 4, 2017); *see also Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir. 1998) (deprivation of that right may be actionable where "the prison official's actions which allegedly infringed on an inmate's right of access to the courts [ ] frustrated or impeded the inmate's efforts to pursue a nonfrivolous legal claim."). The

Court, however, cannot order[1] that his access to privileges be increased beyond what the detention facility deems adequate, as such relief is beyond the scope of this lawsuit. To the extent that Howard's Motion includes a vague request for access to "copies," doc. 6 at 1, he is not obviously entitled to them. *Cf. Wanninger v. Davenport*, 697 F.2d 992, 994 (11th Cir. 1983) ("A prisoner's right of access to the court does not include a right of free unlimited access to a photocopying machine . . . ." (internal citation, quotations, and alteration omitted)). Therefore, the request for an "order" directing the Chatham County Detention Center to provide additional access to legal resources or copies is **DENIED**. Doc. 6.

The last document that Howard has filed is somewhat unclear. It requests "this as Evidence [sic] in his case as proof as wrong doing or ilegal [sic] saling commissary items to him." Doc. 9 at 1. It proceeds to identify several products he alleges were improperly sold by the commissary. *Id.* at 1-2. He also includes allegations concerning requests

---

[1] To the extent that Howard's request seeks some form of injunctive relief, it is not clear that the Court would have jurisdiction to provide it in this case. *See, e.g., Jackson v. Baisden*, 2022 WL 610314, at *1 (11th Cir. Feb. 16, 2022). Since his Motion does not even purport to comply with the procedural requirements for requests for preliminary injunctive relief, *see, e.g.,* Fed. R. Civ. P. 65, the Court does not consider whether it could provide it.

he made about medical conditions. *Id.* at 2-3. Finally, he includes allegations concerning complaints he raised about mail policies. *Id.* at 3-5.

Since Howard has not yet complied with the Court's instructions for proceeding *in forma pauperis*, the Court has not screened his Complaint, *see, e.g.,* 28 U.S.C. § 1915A, and no "evidence" is properly submitted, *cf.* S.D. Ga. L. Civ. R. 26.4. To the extent that Howard wishes to amend his Complaint, he may do so as a matter of course, *see, e.g.,* Fed. R. Civ. P. 15(a)(1). However, the Court may not assemble an amended pleading together from multiple filings. *Cf. Giddens v. Brooks Cnty., Ga.*, 2022 WL 836273, at *3 (11th Cir. Mar. 21, 2022) ("Despite [the] leniency toward *pro se* litigants . . . courts may not . . . rewrite . . . [a] pleading in order to sustain an action."). Subject to his compliance with the Court's prior Order, doc. 4, Howard remains free to submit an Amended Complaint.

Since his current Motion does not seek any cognizable relief, it is **DENIED** as moot.[2] Doc. 9.

**SO ORDERED**, this 25th day of April, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] Howard has also submitted a document requesting materials be "part of evidence in this Civil Action in parts to both legal mail, medical and commissary." *See* doc. 8 at 1. "Evidence" is not normally filed with the Court. *See, e.g.,* S.D. Ga. L. Civ. R. 26.4. To the extent that the "evidence" submitted is intended to supplement the allegations in Howard's Complaint, he must submit a formal Amended Complaint incorporating the additional allegations or "evidence." *See* Fed. R. Civ. P. 15(a)(1). However, any amendment of the Complaint would be premature until Howard complies with the Court's instructions concerning his request to proceed *in forma pauperis. See* doc. 4. Since Howard's "request" does not seek any cognizable relief, the Court will take no further action. Doc. 8.