IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ANDRES WILLIAM HOWARD,

    Plaintiff,

v.

CHATHAM COUNTY, et al.

    Defendants.

CIVIL ACTION NO.: 4:23-cv-86

**O R D E R**

After a careful *de novo* review of the entire record, the Court concurs with the Magistrate Judge's June 9, 2023, Report and Recommendation, (doc. 20), to which plaintiff has filed an objection, (doc. 22). The Court **ADOPTS** the Report and Recommendation as its opinion, as supplemented below. See 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."). First, Plaintiff does not object to the Magistrate Judge's conclusion that Chatham County Detention Center and Oasis Commissary Services are not proper defendants or that Howard's claims concerning the labeling of products sold at the Chatham County Detention Center's commissary are insufficient. (See generally, doc. 22.) Plaintiff's claims against those defendants and his claims arising from the labeling of commissary items are, therefore, **DISMISSED**. Defendants Chatham County Detention Center, Oasis Commissary Services, and Hamm are, therefore, **DISMISSED**.

The Magistrate Judge construed Howard's claims concerning the availability of certain personal care items as alleging deliberate indifference to his medical needs. (See doc. 20, pp. 5-

8.)  The Magistrate Judge noted, first, that the skin conditions that Howard alleges he suffered from do not obviously rise to the level of a "serious medical need."  (Id., pp. 6-7.)  Despite the ambiguous severity of Howard's complaints, the Magistrate Judge noted that they "may have become serious at some point," as Dr. Vlasenko recommended treatment for them.  (Id., p. 7.)  Even if they did, however, the Magistrate Judge concluded that Howard failed to allege that any defendant was deliberately indifferent to his complaints.  (Id.)

Howard objects to the Magistrate Judge's conclusion concerning his allegation of deliberate indifference, arguing that Defendant Harn, a licensed practical nurse or "LPN," refused to provide the personal care items, but Defendant Vlasenko's "professional opinion is above a LPN [sic] denial to the medication he ordered."  (Doc. 22, p. 1.)  Disagreement among medical staff concerning the proper treatment, however, will not support a deliberate indifference claim.  See, e.g., Norfleet v. Webster, 439 F.3d 392, 396 (7th Cir. 2006) ("[W]e have held that a difference of opinion among physicians on how an inmate should be treated cannot support a finding of deliberate indifference." (citations omitted)); Bowers v. Mullen, 692 F. App'x 325, 325 (8th Cir. 2017) (collecting cases); Willard v. California Dept. of Corrs. & Rehabilitation, 2019 WL 5596387, at *10 (E.D. Cal. Oct. 30, 2019) ("Plaintiff alleges nothing more than a disagreement of the proper course of treatment among physicians, which is not cognizable under the Eighth Amendment."); Sanchez v. United States, 2009 WL 10710500, at *2, *2 n. 10 (N.D. Tex. Aug. 20, 2009) ("Such difference of opinion [among physicians] as to the appropriate method of treatment does not amount to deliberate indifference.").  Cf. Gillentine v. Corr. Med. Servs., Inc., 2014 WL 5795553, at *4 (N.D. Ala. Nov. 6, 2014) (noting "[t]he Eighth Amendment does not mandate the very best medical treatment, and a disagreement among physicians concerning the need for (or efficacy of) a particular medical treatment is not material when applying a deliberate indifference

standard . . . ."). Any inconsistency between Vlasenko and Harn's recommendations, therefore, is insufficient to support any deliberate indifference claim.

Moreover, Howard does not allege that Harn denied him the personal care items, merely that she instructed him to purchase them from the commissary. (See doc. 22, p. 2; see also, doc. 18, p. 18.) As the Magistrate Judge noted, requiring some payment for medical care is not necessarily unconstitutional. (See doc. 20, pp. 6-7 (citing Harper v. Tritt, 726 F. App'x 101, 103 (3d Cir. 2018)). Even if Harn were mistaken in her belief that the items in question were available from the commissary, that alleges, at most, negligence, not deliberate indifference. See Benanti v. Matevousian, 2019 WL 6877859, at *5 (E.D. Cal. Dec. 17, 2019) (finding no deliberate indifference where doctor recommended purchase of medication from commissary, where doctor "was not aware of the unavailability" of the recommended medication from the commissary). Moreover, as the Magistrate Judge noted, when Howard's skin conditions persisted, he alleges that Vlasenko prescribed a topical cream. (Doc. 20, p. 7 (citing doc. 18, pp. 29-30).) His Objection, again, concedes that "[s]ome medical cream was given in June or May 2023." (Doc. 22, p. 4.) Even drawing the inferences in Howard's favor that his skin conditions were serious medical needs during the entire period between Dr. Vlasenko's recommendation of the personal care products, "in Dece[mber] about the 12 day 2022," (id., p. 1), and that Harn was negligent in advising him that the items were available from the commissary, (id., pp. 2-3), it appears that treatment was provided promptly when it became clear that they were not. Those allegations are simply insufficient to allege any defendant's deliberate indifference.

Finally, Howard's Objection appears to attempt to amend or add claims. (See doc. 22 at 2, 4-5.) However, Howard has already amended his complaint as a matter of course. (See doc. 18; see also doc. 14.) Attempts to amend pleadings in objections are ineffective. Cf. Lorton v.

3

Wainwright, 2022 WL 2803195, at *6 (N.D. Ohio July 18, 2022) ("Without a pending motion for leave to amend, the Court has no application to consider, and such a free-standing request [in objections to a magistrate judge's report and recommendations] is not itself a motion to amend and not procedurally proper." (citations omitted)); Young v. Rios, 2018 WL 2079509, at *2 n. 2 (W.D. Okla. May 4, 2018) ("An objection to a Report and Recommendation is . . . not the correct forum to request leave to amend."). To the extent that Howard seeks to add claims, he must comply with Federal Rule 15(a)(2). The Court, therefore, does not consider any of the additional claims asserted in Howard's Objection.

In summary, Howard's Objection is **OVERRULED**. (Doc. 22.) The Magistrate Judge's Report and Recommendation is **ADOPTED**, as supplemented above. (Doc. 20.) Howard's claims that the commissary at the Chatham County Detention Center sells products not labeled for individual sale and that he was denied access to certain personal care items are **DISMISSED**. Defendants Chatham County Detention Center, Oasis Commissary Services, Derek Hamm, Correct Health, Harn, Wood, and Dr. Vlasenko are also **DISMISSED**. Howard has complied with the Magistrate Judge's direction to amend his claims concerning his legal mail, (see doc. 20, pp. 9-15, 18; doc. 21), and that amendment remains pending for screening by the Magistrate Judge, see, e.g., 28 U.S.C. § 1915A.

**SO ORDERED**, this 17th day of July, 2023.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA