# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

ANDRES WILLIAM HOWARD,  )
                        )
      Plaintiff,         )
                        )
v.                       )          CV423-086
                        )
CHATHAM COUNTY, *et al.*,   )
                        )
      Defendants.      )

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Andres William Howard is incarcerated at Chatham County Detention Center. *See, e.g.,* doc. 21 at 2. The Court previously screened his Amended Complaint, recommended dismissal of several claims, and directed him to further amend his claims concerning the jail's handling of his legal mail. *See generally* doc. 20. The District Judge has adopted those recommendations and dismissed Howard's claims, other than the claim concerning his mail. *See* doc. 23. Howard has submitted his Second Amended Complaint providing further allegations concerning

the handling of his mail.  *See* doc. 21.  The Court, therefore, proceeds to screen his Second Amended Complaint.[1]

The District Judge has dismissed defendants Chatham County Detention Center, Oasis Commissary Services, Hamm, Correct Health, Harn, Wood, and Vlasenko.  *See generally* doc. 23.  Howard's Second Amended Complaint's claim against Chatham County ("the County") is discussed below.  The only other party identified in his Amended Complaint is Sheriff Wilcher.  *See* doc. 18 at 2.  Since the Second Amended Complaint supersedes the Amended Complaint, and does not identify Wilcher as a defendant, *see* doc. 21 at 2, it abandons any claim previously asserted against Wilcher.  *See, e.g., Riley v. Georgia Dept. of Corrs.*, 2012 WL 2872636, at *2 (S.D. Ga. Apr. 17, 2012); *see also* doc. 20 at 19 (warning Howard that the "amended complaint will supersede his original pleading—that is, it will replace the original pleading entirely—

---

[1] As the Court previously explained, *see* doc. 20 at 1-2, the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), so allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff.  *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011).  Conclusory allegations, however, fail.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

and therefore must be complete in itself." (citation omitted)). Accordingly, Defendant Wilcher should be **DISMISSED**.

Governmental units, like cities or counties, are subject to liability under § 1983 only in limited circumstances. "Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dept. of Soc. Servs. of New York*, 436 U.S. 658, 690 (1978). "To state a *Monell* claim, a plaintiff must allege facts showing: (1) that his constitutional rights were violated; (2) that the [county] had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *Marantes v. Miami-Dade Cnty.*, 649 F. App'x 665, 672 (11th Cir. 2016) (internal quotation marks and citations omitted)). Howard identifies a specific "privileged mail" policy that governs the handling of attorney-client mail, as discussed below. *See* doc. 21 at 14. His allegation of an official policy

is sufficient, for screening purposes only, in conjunction with the substantive allegations discussed below, to state a *Monell* claim.[2]

As the Court previously explained, Howard's allegations that legal mail is opened outside of his presence by Chatham County Detention Center staff implicates his First Amendment rights.  *See* doc. 20 at 9-10 (citing *Al-Amin v. Smith*, 511 F.3d 1317, 1333, 1335 (11th Cir. 2008)). The United States Court of Appeals for the Third Circuit has recently explained that a jail or prison's "policy of opening an inmate's legal mail *outside his or her presence* violates the First Amendment regardless of . . . good-faith protestations that it does not, and will not, read the contents of the communications." *Nifas v. Belles*, 2022 WL 336993, at *2 (3d Cir. Feb. 4, 2022) (internal quotation marks and citations omitted) (emphasis added).  The Eleventh Circuit has also recognized that opening legal mail outside an inmate's presence violates the First Amendment.  *Al-Amin*,

---

[2] There is some question concerning the County's responsibility for policies applicable at the Chatham County Detention Center.  *See, e.g., Ajibade v. Wilcher*, 2018 WL 555752, at *2-*5 (S.D. Ga. Jan. 25, 2018).  For purposes of screening, however, the Court assumes the truth of Howard's implicit allegation that the County, as defendant, is responsible for the challenged policy.  To the extent that Howard misunderstands the relationship between the Detention Center and the County, the County is free to clarify that relationship in responsive pleadings or motions after service.

511 F.3d at 1334.  The principle is widely accepted among the Courts of Appeals.  *See, e.g., Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1210 (9th Cir. 2017) ("In addition to the Third and Eleventh Circuits, the Second, Sixth, and Tenth Circuits have recognized that the opening of legal mail outside of a prisoner's presence implicates First Amendment rights." (citations omitted)).

The Court previously noted that not all mail related to court cases is "legal mail" in the relevant sense.  Doc. 20 at 11 (citing *Al-Amin,* 511 F.3d at 1334 ("Thus, we conclude that Al-Amin has a First Amendment free speech right *to communicate with his attorneys* by mail . . . ." (emphasis added))).  "[U]nder federal law, filings in [an] action, be they court orders or documents filed by [parties], are a matter of public record and are not confidential legal mail."  *Zamaro v. Moonga*, 2009 WL 5197851, at *2 (E.D. Cal. Dec. 22, 2009) (citing *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996)); *see also Vaughn v. Schoapt*, 2007 WL 3274189, at *1 (W.D. Pa. Nov. 5, 2007) ("Public Records such as Court Orders and Report and Recommendations are not special or legal mail.").  The opening, and even inspection, of non-legal mail does not violate the Constitution.  *Cf. Wolff v. McDonnell*, 418 U.S. 539, 575-76 (1974)

("[F]reedom from censorship [of mail] is not equivalent to freedom from inspection or perusal."); *see also, e.g., Dickerson v. Chatman*, 2008 WL 4155624, at *3 (M.D. Ga. Sept. 5, 2008) ("In light of the fact that a prison has a legitimate security interest in opening and inspecting incoming mail for contraband, plaintiff's allegation that his *incoming* mail was opened and read but not censored does not rise to the level of a constitutional violation." (citing *Thornburgh v. Abbott,* 490 U.S. 410, 413-14 (1989); *Turner v. Safley*, 482 U.S. 78, 91-92 (1987)). Thus, to state a viable First Amendment claim, a prisoner must allege that the correspondence at issue was properly "legal mail," *i.e.*, correspondence with his or her attorney.

Howard's Second Amended Complaint states at least one claim that his legal mail was opened outside his presence. First, he alleges generally that "mail from Public Defender Lucas Earl and Todd Martin . . . was opened [and] read before [he] received it. It was taped closed [and] reopened in front of copied, was give copy with the original being keep to read copy out of his presents [sic]." Doc. 21 at 3. He later alleges that on "[two] different occasion[s] [his] attorney legal was opened be it was reopened in front of [sic]." *Id.* at 5. Although those allegations are

6

somewhat unclear, he subsequently clarifies that on December 21, 2022, February 23, 2023, and April 4, 2023 letters from the Circuit Public Defender's Office, which the Court infers represents Howard in a pending criminal proceeding, were opened outside his presence or retained opened against his explicit requests.[3]   Doc. 21 at 15-16.   Those claims are sufficient to be served upon the County.

Howard also appears to assert claims based on the opening of mail from this Court, the "Superior Court," presumably a Georgia superior court, and the Georgia Bureau of Investigation ("G.B.I.").  *See* doc. 21 at 4, 16-18.  As explained above, correspondence from those entities does not constitute "legal mail," implicating Howard's constitutional rights. His contention that internal jail policies concerning "privileged mail" apply equally to that correspondence does not alter their character for purposes of this § 1983 claim.  *See, e.g., Cook-Bey v. Jackson*, 2019 WL 3213718, at *6 (M.D. Ala. June 12, 2019) ("A violation of [an institution's]

---

[3] The Court previously noted that claims arising from "the retention, as opposed to then opening or reading, of attorney mail are ambiguous."  Doc. 20 at 13 n. 4.  Since Howard clearly alleges at least one instance where his attorney mail was opened outside his presence, his Second Amended Complaint is due to be served, as explained below.  While the Court does not affirmatively find that his allegations that his opened legal mail was retained are sufficient to state a claim, dismissal of that claim prior to service would be inappropriate.

rules or policies, standing alone, does not infringe upon an inmate's constitutional rights," and collecting cases); *Malone v. Bailey*, 2020 WL 8172706, at *2 (S.D. Ga. Dec. 22, 2020) (same).   To the extent that Howard asserts separate claims arising from the treatment of his correspondence with courts or the G.B.I., those claims should be **DISMISSED**.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.   Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.   The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."   Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.   The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).   The parties are advised that failure to timely file objections will result in the waiver of

rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Since the Court approves for service Howard's claim against defendant Chatham County, a copy of Plaintiff's Second Amended Complaint, doc. 21, and a copy of this Order and Report and Recommendation shall be served upon it by the United States Marshal without prepayment of cost.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Order and Report and Recommendation upon Plaintiff.  The Court also provides the following instructions to the parties that will apply to the remainder of this action.

## INSTRUCTIONS TO ALL DEFENDANTS IN THIS ACTION

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs service be effected by the United States Marshal.  Fed. R. Civ. P. 4(c)(3).  In most cases, the marshal will first mail a copy of the complaint to a defendant by first-class mail and request the defendant waive formal service of summons.  Fed. R. Civ. P. 4(d); Local R. 4.5.  A defendant has a duty to avoid unnecessary costs of serving the summons, and any defendant who fails to comply with the request for waiver must bear the

costs of personal service unless good cause can be shown for the failure to return the waiver.  Fed. R. Civ. P. 4(d).  Generally, a defendant who timely returns the waiver is not required to answer the complaint until 60 days after the date the marshal sent the request for waiver.  Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that any Defendant in this action is granted leave of court to take the deposition of Plaintiff upon oral examination.  Fed. R. Civ. P. 30(a)(2).  Defendants are further advised the Court's standard 140-day discovery period will commence upon the filing of the last answer.  Local R. 26.1.  Defendants shall ensure all discovery, including Plaintiff's deposition and any other depositions in the case, is completed within that discovery period.

If a Defendant takes the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30.  As Plaintiff will not likely attend such a deposition, the Defendant taking the deposition must notify Plaintiff of the deposition and advise him that he may serve on that Defendant written questions Plaintiff wishes to propound to the witness, if any.  Defendants shall present such questions to the witness in order and word-for-word during

the deposition.  Fed. R. Civ. P. 30(c).  Plaintiff must submit the questions

in a sealed envelope within 10 days of the notice of deposition.

<u>**INSTRUCTIONS TO PLAINTIFF**</u>

Plaintiff is charged with the responsibility of **immediately**

informing this Court and defense counsel of any change of address during

the pendency of this action.  Local R. 11.1.  Plaintiff's failure to notify the

Court of a change in his address **may result in dismissal of this case**.

**IT IS FURTHER ORDERED** that Plaintiff shall serve a copy of

every pleading or other document submitted for consideration by the

Court on each Defendant (or, if appearance has been entered by counsel,

the Defendant's attorney).  Plaintiff shall include with the original paper

to be filed with the Clerk of Court a certificate stating the date on which

a true and correct copy of any document was mailed to each Defendant

or the Defendant's counsel.  Fed. R. Civ. P. 5.  "Every pleading shall

contain a caption setting forth the name of the court, the title of the

action, [and] the file number."  Fed. R. Civ. P. 10(a).

Plaintiff has the responsibility for pursuing this case.  For example,

if Plaintiff wishes to obtain facts and information about the case from a

Defendant, Plaintiff must initiate discovery.  <u>See generally</u> Fed. R. Civ.

P. 26 to Fed. R. Civ. P. 37.  The discovery period in this case will expire 140 days after the filing of the last answer.  Local R. 26.1.  Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Id.  Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial.  Local R. 26.4.

Interrogatories are a practical method of discovery for incarcerated persons.  See Fed. R. Civ. P. 33.  Interrogatories may be served only on a **party** to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are **not named** as a defendant.  Interrogatories are not to contain more than 25 questions.  Fed. R. Civ. P. 33(a).  If Plaintiff wishes to propound more than 25 interrogatories to a party, Plaintiff must have permission of the Court.  If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for Defendants and try to work out the problem; if

Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c), 37(a)(2)(A); Local R. 26.5.

Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page. **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for failure to prosecute. Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate in any discovery initiated by a Defendant. Upon no less than five days' notice of the scheduled deposition date, Plaintiff must appear and permit his deposition to be taken and must answer, under oath or solemn affirmation, any question

which seeks information relevant to the subject matter of the pending action.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order.  A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order.  A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

## <u>ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT</u>

A Defendant may choose to ask the Court to dismiss this action by filing a motion to dismiss, a motion for summary judgment, or both. Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within 14 days of its service.  Failure to respond shall indicate that there is no opposition to a motion.  Local R. 7.5.  Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendant's

motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within 21 days after service of the motion. Local R. 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in a Defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. If a Defendant files a motion for summary judgment, Plaintiff will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be met by reliance on the conclusory allegations contained within the complaint. If a Defendant's motion for summary judgment is supported by affidavit, Plaintiff must file counter-affidavits if he wants to contest Defendant's statement of the facts. If Plaintiff fails to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in the Defendant's

affidavits will be accepted as true and summary judgment may be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 24th day of July, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA