IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ANDRES WILLIAM HOWARD,

    Plaintiff,

v.

CHATHAM COUNTY, et al.

    Defendants.

CIVIL ACTION NO.: 4:23-cv-86

**O R D E R**

After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's July 24, 2023, Report and Recommendation, (doc. 24), to which plaintiff has filed an objection, (doc. 27). The Court **ADOPTS** the Report and Recommendation as its opinion, as supplemented below. See 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."). The Magistrate Judge first recommended that any claim asserted against Defendant Sheriff Wilcher be dismissed because the Second Amended Complaint, which superseded the Amended Complaint, omitted any claim against him. (Doc. 24, pp. 2-3.) Second, he recommended that, to the extent Howard asserted that his constitutional rights were violated when correspondence from courts and the Georgia Bureau of Investigation ("G.B.I.") were opened outside his presence, those claims should be dismissed. (Id., pp. 7-8.) Howard does not object to the second recommendation. (See generally doc. 27.)

Before discussing his substantive objections to the Report and Recommendation, the Court must address Howard's complaints concerning the Clerk's mailing documents related to this case.

He objects that mail was sent to an address in Atlanta, Georgia, rather than to the Chatham County Detention Center in Savannah. (See doc. 27, pp. 1-2.) The Clerk's records confirm that documents were mailed to Howard at an address in Atlanta. That address appears to have been taken from a return address stamp on envelopes Howard used. (See, e.g., doc. 21, p. 19.) However, Howard is correct that the address that he provided was the Detention Center's address in Savannah. (Id., p. 2.) The Clerk's use of the Atlanta address was an error. However, to the extent that its only effect was a delay in the Court's receipt of Howard's Objection, (see doc. 27, pp. 1-2), the Court considers the Objection, and the error is harmless. The Clerk is **DIRECTED** to correct the docket to reflect Howard's address at the Chatham County Detention Center, 1074 Carl Griffin Drive, Savannah, Georgia 31405.

Howard's substantive objection concerns the Magistrate Judge's recommendation that claims against Sheriff Wilcher be dismissed. (See, e.g., doc. 27, p. 2.) His Objection asserts that his Second Amended Complaint contained an implicit claim against Wilcher, apparently based on his mistaken belief that he incorporated claims asserted in prior pleadings. (Id., p. 2, 4.) However, he appears to confuse his claims with those asserted in a different version of his complaint. He states, in unedited form: "That he thought Sheriff Weltcher was part of Chatham County et al." (Id., p. 4.) He notes that the Magistrate Judge previously clarified the meaning of the phrase "et al." (Id., p. 2; see also doc. 14-1, p. 5.) It is unclear, however, why he believes that implicit reference to other defendants is relevant here, as the Second Amended Complaint clearly names only Chatham County as a defendant; "et al." does not appear in that pleading. (See doc. 21, p. 1-2.) The Magistrate Judge's interpretation of Howard's Second Amended Complaint as omitting claims against Sheriff Wilcher was wholly reasonable. The Magistrate Judge, therefore, was correct that the operative Second Amended Complaint clearly stated no claim

2

against Sheriff Wilcher.

The facts as alleged in Howard's pleading also do not suggest that Wilcher personally participated in the objectionable treatment of his mail.  (See generally doc. 21.)  The operative Complaint only alleges that the objectionable policy "was p[u]t in force by Sheriff John Wilcher." (Id., p. 16.)  The Court might, stretching the limits of charitable construction past the breaking point, interpret Howard's objections as implying a request to amend his pleading again to assert, or perhaps reassert, claims against Wilcher.  See, e.g., Jackson v. Sproul, 2023 WL 5097011, at *1 (11th Cir. Aug. 9, 2023) ("The leniency afforded pro se litigants . . . does not give a court license to act as de facto counsel or permit it to rewrite an otherwise deficient pleading to sustain an action." (citation omitted)).  Any such amendment would be futile, however.  See, e.g., Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999) ("[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." (internal quotation marks and citation omitted)).  The Magistrate Judge approved for service a claim against Chatham County based upon that policy, pursuant to the Supreme Court's opinion in Monell v. New York City Department of Social Services, 436 U.S. 658 (1978).  (See doc. 24, p. 3-7.)  Chatham County has waived service and its responsive pleading is due in September.  (See doc. 25.) Given the lack of any allegation in the Second Amended Complaint that Wilcher was personally responsible for the objectionable treatment of Howard's mail, it appears that the only basis asserted for his liability is in his official capacity, as a policymaker.  (See generally doc. 21.)  However, "[b]ecause suits against a [local government] officer sued in his official capacity and direct suits against [local governments] are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly . . . ."  Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991).  Where such

redundant claims are asserted, "official-capacity claims . . . should be dismissed . . . ." Higdon v. Fulton Cnty., Ga., 746 F. App'x 796, 799 (11th Cir. 2018). There appears to be no viable basis for Howard to assert a non-redundant claim against Wilcher based solely on the imposition of the allegedly unconstitutional mail policy.

In summary, Howard's objections concerning the misdirection of correspondence from this Court are well-taken, but any resulting error is harmless. He does not object to the Magistrate Judge's recommendation that his claims should be dismissed, to the extent that they relate to correspondence from courts or the G.B.I. His objections to the Magistrate Judge's recommendation that his claims against Sheriff Wilcher be dismissed are meritless. However, even if Howard's failure to assert any claim against Wilcher in the Second Amended Complaint were ignored, any such claim would be subject to dismissal as redundant of his pending Monell claim against Chatham County. Accordingly, the Magistrate Judge's Report and Recommendation is **ADOPTED**. (Doc. 24.) Howard's claims against Wilcher and any claim arising from the handling of non-legal mail are **DISMISSED**. His claim that the Chatham County Detention Center's policy for handling legal mail violates the First Amendment remains pending.

**SO ORDERED**, this 24th day of August, 2023.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA