UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ANDRES WILLIAM HOWARD,    )
                          )
          Plaintiff,      )
                          )
v.                        )        CV423-086
                          )
CHATHAM COUNTY,           )
                          )
          Defendant.      )

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Andres William Howard filed this case complaining that the Chatham County Detention Center's handling of his legal mail violated his constitutional rights. *See, e.g.,* doc. 28. After the deadline to file motions passed, the Court directed the parties to confer and inform the Court concerning their willingness to participate in a court-facilitated settlement conference. *See* doc. 35. Defendant responded and indicated that it was unable to contact plaintiff at any of the addresses available. *See* doc. 37. The Court directed Howard to show cause why he failed to comply and expressly warned him that failure to comply would result in dismissal. *See* doc. 38 at 2-3. The March 26, 2024 deadline has passed,

1

and Howard has not responded to that Order.  *See generally* docket; *see also* doc. 38 at 2.

This Court has the authority to prune cases from its docket where parties have failed to comply with its Orders.  *See* S.D. Ga. L.R. 41.1(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket."); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992).  Howard's failure to comply with the Court's Order and failure to prosecute this case, provide sufficient reasons to dismiss his Complaint.  *See, e.g., Brown v. Tallahassee Police Dept.*, 205 F. App'x 802, 802 (11th Cir. 2006) ("Dismissal pursuant to Rule 41(b) upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.").

Accordingly, the claims in Howard's Amended Complaint, doc. 21, that remain pending should be **DISMISSED**.  *See, e.g.,* Fed. R. Civ. P. 41(b).  This Report and Recommendation (R&R) is submitted to the

district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 10th day of April, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA