IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ANDRES WILLIAM HOWARD,

    Plaintiff,

v.

CHATHAM COUNTY, GEORGIA,

    Defendant.

CIVIL ACTION NO.: 4:23-cv-86

**O R D E R**

After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's Report and Recommendation, (doc. 40), to which plaintiff has filed an objection, (doc. 45).[1] The Court **ADOPTS** the Report and Recommendation as its opinion. See 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."). The Magistrate Judge recommended that Howard's pending claims be dismissed because he failed to respond to court orders and failed to diligently prosecute this case. (See generally doc. 40.) As explained in more detail below, Howard's Objection does not dispute that analysis, it merely asks the Court to overlook his failures. None of his arguments are compelling.

Howard's Objection points to circumstances that he contends explain his failure to comply with the Court's Orders. He first refers to information provided by an unidentified "Magistrate

---

[1] Although the deadline to object to the Report and Recommendation expired on April 24, 2024, (see doc. 40); see also 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b), Howard's Objection is deemed filed on the date he signed it, pursuant to the "prison mailbox rule," see, e.g. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). Howard's Objection was signed on April 16, 2024. (Doc. 45, p. 2.) It is, therefore, timely.

Clerk" on March 26, 2024, that "their was no schedule hearing in person, in Court [sic]," and that he should "file a Motion for Extension for time . . . ," if he was unable to comply with any applicable deadline. (Doc. 45, p. 1.) He also suggests that his arrest on March 27, 2024 and ongoing detention mitigates his failure to respond. (Id.) Howard's explanation, however, does not actually explain his failures to respond to the Court's Orders. The Magistrate Judge first directed the parties to confer and submit a status report on February 29, 2024. (Doc. 35.) The report was due by March 15, 2024. (Id., p. 2.) Defendant informed the Court on March 8, 2024 that its counsel had been unable to reach Howard through any available means and, thus, was unable to confer. (See doc. 37.) In response to that notice, the Magistrate Judge directed Howard to respond and show cause for his apparent abandonment of this case. (See doc. 38.) The response to that Order was due, as Howard suggests, on March 26, 2024. (Id., p. 2.) That Order specifically advised Howard that "failure to comply with this Order will result in dismissal." (Id., p. 3 (citing Fed. R. Civ. P. 41(b)).) Howard's Objection does not indicate any reason why he could not comply with that instruction. The instruction from the unidentified "clerk" that any relief from the deadline required Howard to file a motion was perfectly correct. His arrest the day after the deadline expired is simply irrelevant to his failure to comply timely.

Howard's "objection" is not, in fact, an objection at all. It is simply a request that the Court excuse him from his obligations as a litigant to diligently pursue his case and comply timely with court orders. While pro se litigants are entitled to a certain amount of leeway from the Court in the interpretation of their filings, they remain subject to the same rules as any other litigant. See, e.g., Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* . . . litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. These rules provide for sanctions . . . for failure to comply with court orders.").

2

"Pleadings filed by a *pro se* litigant are construed liberally, but *pro se* litigants must nonetheless conform to procedural rules, including deadlines." Bonilla v. United States Dept. of Justice, 535 F. App'x 891, 893 (11th Cir. 2013) (citing Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007)) (emphasis added); see also, e.g., Wayne v. Jarvis, 197 F.3d 1098, 1104 (11th Cir. 1999), overruled in part on other grounds by Manders v. Lee, 338 F.3d 1304 (11th Cir. 2003) ("Liberal construction does not mean liberal deadlines."). Howard's Objection, therefore, presents no basis to excuse his failure to comply with the Court's Orders.

The remainder of Howard's Objection merely reasserts the alleged merits of his claims. (See doc. 45, p. 2.) He appears to suggest that his claims are so facially meritorious that they should not be dismissed. Even if the Court accepted the entirely implausible suggestion that a party's obligation to comply with procedural rules is relaxed based on a claim's substantive merits, Howard's argument misrepresents the record. He states "[t]he Defendant never denied any claim's [sic] to opening the plaintiff's legal mail from the Public Defenders [sic] Office (Attorney)." (Id.) That is simply not true. Defendant's Answer states, twice, that it "den[ies] all allegations contained in the Plaintiff's Complaint." (Doc. 29, p. 4 (emphasis added); see also id., p. 5 (same)). Howard's suggestion that his failure to prosecute this case and obey the Court's Orders is, somehow, excused because his claims are undisputed is, therefore, rejected.

In summary, Howard's Objection is **OVERRULED**. (Doc. 45.) The Magistrate Judge's Report and Recommendation is **ADOPTED**. (Doc. 40.) Howard's Amended Complaint, (doc. 21), is **DISMISSED, without prejudice,**[2] for failure to prosecute and failure to obey the

---

[2] The Court of Appeals has cautioned against Rule 41(b) dismissals which would preclude renewing an action without a finding of "willful or contumacious conduct." See, e.g., Justice v. United States, 6 F.3d 1474, 1481-82 (11th Cir. 1993). The Court does not find that Howard's failure to comply with its Orders was willful or contumacious. However, the statute of limitations does not appear to have expired on Howard's claims. Section 1983 claims are subject to the two-year statute of limitations applicable to tort actions under state law. See, e.g., O.C.G.A. § 9-3-33; Williams v. City of Atlanta, 794 F.2d 624, 626 (11th

3

Court's orders.  See Fed. R. Civ. P. 41(b); see also, e.g., Brown v. Tallahassee Police Dept., 205 F. App'x 802 (11th Cir. 2006) ("Dismissal [without prejudice] pursuant to Rule 41(b) upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." (citation omitted)).  Howard has also filed a "Motion for Extra Time."  (Doc. 44.)  Since he timely filed his Objection and, as explained above, his Amended Complaint is dismissed, there are no remaining deadlines to extend.  His Motion is, therefore, **DENIED** as moot.  (Doc. 44.)  The Clerk is **DIRECTED** to **CLOSE** this case.

    **SO ORDERED**, this 29th day of April, 2024.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

Cir. 1986).  Howard's original Complaint alleges that he submitted a grievance concerning the treatment of his mail on March 27, 2023.  (Doc. 1, pp. 24-25.)  His Amended Complaint alleges that mail from his public defender was presented to him opened on December 21, 2022, February 23, 2023, and April 4, 2023.  (Doc. 21, p. 15.)  While the Court does not make any definitive determination concerning the applicable statute of limitations, the Court can discern no impediment to refiling which would implicate the concern of an effective dismissal with prejudice.